**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE VAN DANG,<br><br>                    Petitioner,<br><br>     v.<br><br> ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 08-75164<br><br>Agency No. A025-092-019<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

    The Van Dang, a native and citizen of Vietnam, petitions for review of the

Board of Immigration Appeals' ("BIA") order sustaining the government's appeal

from an immigration judge's ("IJ") decision granting his application for a waiver

of inadmissibility under former section 212(c) of the Immigration and Nationality

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Act.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

constitutional claims and questions of law, *Vargas-Hernandez v. Gonzales*, 497

F.3d 919, 921 (9th Cir. 2007), and we deny the petition for review.

Contrary to Dang's contention, the BIA did not exceed its regulatory

authority by engaging in its own fact-finding or conducting a de novo review of the

IJ's factual findings, but rather properly reviewed de novo whether to grant relief

as a matter of discretion.  *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review

questions of . . . discretion . . . de novo.").

Dang's contention that the BIA violated due process by failing to consider

evidence of his rehabilitation fails because he has not overcome the presumption

that the BIA did review the record.  *See Larita-Martinez v. INS*, 220 F.3d 1092,

1096 (9th Cir. 2000) (petitioner cannot overcome presumption of record review by

pointing out that the BIA did not specifically mention certain evidence).

Dang's contention that the BIA violated due process by mischaracterizing

the facts concerning his mother's and his children's deaths fails for lack of

prejudice.  *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010)

(petitioner must show prejudice to prevail on a due process claim).  His contention

that the BIA mischaracterized the facts concerning past acts of violence is

unsupported by the record.

08-75164

Finally, Dang's contention that the BIA acted ultra vires by ordering him removed instead of remanding to the IJ for entry of an order of removal is foreclosed by *Lolong v. Ashcroft*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) (where the IJ makes a finding of removability before granting relief, that finding constitutes an order of removal, and the BIA's reversal of relief simply reinstates the IJ's order).

**PETITION FOR REVIEW DENIED.**